IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN W. KIRKHAM,            )<br>          Plaintiff,     )<br>                        )<br>    vs.                         )<br>                        )<br>CLARION COUNTY PRISON, MEDICAL )<br>DEPARTMENT,                    )<br>          Defendants.    ) | Civil Action No. 06-899<br>Judge Donetta W. Ambrose/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.    Report

The plaintiff, Justin W. Kirkham, has presented a civil rights complaint against Clarion County Prison and its Medical Department complaining that he did not receive adequate medical care while housed at that facility.

The plaintiff initiated this case in the United States District Court for the Middle District and on July 10, 2006 -- over ten months ago -- it was transferred to this Court. On October 26, 2006, this Court issued an Order directing the Marshal to make service on the defendants *as directed by the plaintiff*. [Dkt. No. 12]. On January 22, 2007, the Marshal's Office sent the plaintiff a letter indicating that it did not have proper instructions for service and to provide them with the necessary information. On April 9, 2007, the plaintiff had still not provided the necessary information and, accordingly, the Court issued an order directing the

plaintiff to show cause why the case should not be dismissed for failure to prosecute which was returnable on April 30, 2007. [Dkt. No. 19]. On that date, the plaintiff filed a motion for extension of time to obtain the information he needed for his case. [Dkt. No. 20]. That motion was granted and the plaintiff was given until May 15, 2007, to provide the requisite information to the Marshal's Office. [Dkt. No. 22]. While the Marshal's Office has indicated that it has since received a "285" Form regarding a "Jeff Hornburger," it does not provide a complete address and Mr. Horenburger is not a named defendant in this action. Plaintiff, therefore, has still failed to provide the information necessary to proceed with his case.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to the plaintiff's failure to comply with this Court's Order and failure to provide the Marshal's Office with the information it needs to make service.

The plaintiff's failure to comply with the Court's Order and the Marshal's request was not only solely his personal responsibility but his failure to do so even four months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by the plaintiff's failure to comply with this Court's Order and the Marshal's request -- there appears to be no specific prejudice to the defendants as they have not yet been served with the complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against the plaintiff, although it appears that the defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. However, because he has failed to comply with the Court's Order and the Marshal's request for service information, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/S/ AMY REYNOLDS HAY
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: May 21, 2007


cc: Justin W. Kirkham
      GN-8920
      SCI Albion
      10745 Route 18
      Albion, PA 16475-0001